CAMERON (LEEDS v.). See Case No. 8,206.

## Case No. 2,342.

### CAMFRANQUE v. BURNELL.

[1 Wash. C. C. 340.] [1]

Circuit Court, D. Pennsylvania. Oct. Term, 1806.

CONTRACTS—LAW OF PLACE—CONSTRUCTION—ENFORCEMENT.

1. The laws which, in any manner, affect a contract, whether in its construction, in the mode of discharging it, or which control the obligation which the contract imposes; are essentially incorporated in the contract.

[Cited in Ogden v. Saunders, 12 Wheat. (25 U. S.) 298.]

2. A contract is governed by the law of the country where it is made, and may be enforced, in foreign countries, according to their own form of proceeding; but, in such a manner, as to give effect to the contract, according to the law which gave it validity.

[See Courtois v. Carpentier, Case No. 3,286; Nicolls v. Rodgers, Id. 10,260; Bainbridge v. Wilcocks, Id. 755.]

3. A law of a foreign country, which protects the party to a contract from execution, will, in the courts of the United States, protect the same individual from arrest upon the same contract.

[Cited in Golden v. Prince, Case No. 5,500; Woodhull v. Wagner, Id. 17,975.]

At law. Duponceau obtained a rule on the plaintiff to show his cause of action, and why the defendant should not be permitted to appear on common bail. Moylan, for the plaintiff, produced a promise in writing from the defendant, to pay the money sued for; and a judgment obtained upon this writing, before the regular tribunal in St. Domingo, where both plaintiff and defendant then lived. It was admitted, that they are both French subjects. In answer to this, Duponceau produced, and relied upon an arreté of the French government, passed in 1801, which suspends all process and proceedings, to enforce the payment of debts contracted before 1792, for slaves purchased by the people of this island, until a period which has not yet arrived; but it permits suits to be brought for the liquidation of such debts, where necessary; but execution is not to issue before the stipulated period. The debt in question came precisely within this arreté.

It was contended, for the defendant, that this court ought to regard the law of the country of which the parties are subjects; and, of course, that upon two grounds, special bail should not be required. First; because the instrument, which is the evidence of the debt, is not a bill of exchange; nor does the contract appear to be between merchant and merchant, but a merchant and a planter; and, therefore, under the ordinance of Louis XIV., the debt does not bind the person; and, of course, bail is not demandable. 1 Bos.

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

& P. 138; 3 Ves. 447; 4 Ves. 577; Clement v. Boyer, in the supreme court of this state; 1 W. Bl. 258; 1 H. Bl. 665; 4 Term R. 184.

Second; that the arreté, suspends all proceedings in any shape, and of course special bail should not be demanded. To this it was answered, that the debt became due, and judgment was obtained long before the arreté was passed; and, therefore, ought not to be affected by this law: that the law only intended to prevent executions issuing; and, therefore, if this court thinks itself bound by that law, still the defendant can only complain when execution issues against him.

But this regulation forms no part of the essence of the contract, and the lex loci contractus is never regarded by foreign tribunals, as to the remedy used for enforcing a contract made abroad. The act of limitations barring a debt in one country, will not be regarded by a foreign court. 4 Ld. Kames, 567; 2 Vern. 540; [Hamilton v. Moore] 3 Dall. [3 U. S.] 373. If then foreign acts of limitation are not to be regarded, acts which merely suspend payment, ought not. As to the first point, it was argued, that, from the nature of this contract, it would appear to be between merchant and merchant.

BY THE COURT. We think that the defendant should be allowed to appear on common bail, for the following reasons: That those laws, which, in any manner, affect a contract, whether in its construction, in the mode of discharging it, or which control the obligation which the contract imposes, are essentially incorporated with the contract itself. The contract is a law which the parties impose upon themselves; subject, however, to the paramount law—the law of the country where it is made. Contracts thus made, and thus regulated, may be enforced by foreign tribunals, according to their own modes of proceeding, and such tribunals aim only to give effect to the contracts according to the laws which gave them validity. We think that the arreté which has been read, had once a binding force upon the contract, and upon the parties to it, from which they ought not to be discharged by a foreign tribunal, professing only to give effect to a contract so regulated: that this arreté protected the defendant against any further process upon the judgment, by means of execution, as much so, as if the plaintiff had bound himself upon record, to stay the execution, to a period not yet arrived; and, therefore, it protects him from arrest, which may, in its consequences, subject him to inconveniences, as great as if he were exposed to the full operation of an execution. Rule made absolute.